IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN MIGUEL BERNABE BERNABE,<br><br>Petitioner,<br><br>vs.<br><br>KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security; PAMELA BONDI, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and CAROLYN SOMMER, in their official capacity as Acting Warden of McCook Detention Center,<br><br>Respondents. | 4:26CV3082<br><br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Juan Miguel Bernabe Bernabe, an alien who is a citizen of Guatemala, challenges his detention by Immigration and Customs Enforcement (ICE) at the McCook Detention Center in McCook, Nebraska. Filing 1 at 2 (¶ 1). He seeks a writ of habeas corpus to enforce of his rights as a member of the Bond Eligible Class certified in *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Filing 1 at 3 (¶ 6). In the alternative, he seeks to enforce his individual right to immediate release or a bond hearing under 8 U.S.C. § 1226(a) because he alleges that he is wrongly subjected to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Filing 1 at 2 (¶ 2), 3 (¶ 7).

1

More specifically, Bernabe Bernabe asserts two causes of action for relief. His First Cause of Action is entitled "Petitioner is a member of the Bond Eligible Class and entitled to relief under *Maldonado-Bautista*." Filing 1 at 28. In that cause of action, Bernabe Bernabe alleges, "By denying Petitioner a custody redetermination under § 1236 [sic] and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*." Filing 1 at 30–31 (¶ 98). His Second Cause of Action is entitled "Violation of Immigration and Nationality Act." Filing 1 at 31. In that cause of action, Bernabe Bernabe alleges that 8 U.S.C. § 1225(b)(2) "does not apply to Petitioner, who previously entered the country and has been residing in the United States for years prior to being apprehended and placed in removal proceedings by Respondents," and that "[t]he erroneous application of 8 U.S.C. § 1225(b) to Petitioner renders his continued detention unlawful and violates the INA." Filing 1 at 31 (¶¶ 101–102).

Section 2243 of Title 28 of the United States Code sets out the applicable procedure for habeas corpus actions. It states in pertinent part,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243. Thus, under § 2243, a court presented with a § 2241 petition must either (1) "award the writ"; (2) issue an order to show cause why the writ should not be granted; or (3) deny the writ because the applicant is not entitled to it. *See, e.g., Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022) ("Under 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." (quoting 28 U.S.C. § 2243)). The

2

Court concludes that Bernabe Bernabe is not entitled to immediate award of the writ. 28 U.S.C. § 2243 (first option). Nor is the Court required to "issue an order to show cause why the writ should not be granted," because "it appears from the application that [Bernabe Bernabe] is not entitled to [award of the writ]." 28 U.S.C. § 2243; *Crayton*, 27 F.4th at 656.

For the reasons set out in more detail in this Court's decision in *Alberto Rodriguez v. Jeffreys*, No. 8:25CV714, 2025 WL 3754411, at *7–11 (D. Neb. Dec. 29, 2025), the Court denies Bernabe Bernabe relief based on the decisions in *Maldonado Bautista* as he alleges in the First Cause of Action in his Petition. Bernabe Bernabe argues that *Maldonado Bautista* held that Federal Respondents must release all members of the Bond Eligible Class, such as Bernabe Bernabe, from custody or provide a bond redetermination hearing consistent with 8 U.S.C. § 1226(a). Filing l at 30 (¶ 97) (citing *Maldonado Bautista*, 2025 WL 3678485). However, this Court concluded in *Alberto Rodriguez* that the *Maldonado Bautista* decisions are void as to class members and custodians outside of the Central District of California. *Alberto Rodriguez*, 2025 WL 3754411, at *7–9. The Court concluded there—and reiterates here—that this conclusion was sufficient standing alone to deny a petition for a writ of habeas corpus premised on *Maldonado Bautista*. *Id.* at *9. Bernabe Bernabe has not convinced the Court otherwise. In *Alberto Rodriguez*, the Court also concluded that *Maldonado Baustista* does not have preclusive effect because an attempt to bar Federal Respondents from relitigating the issues presented in *Maldonado Bautista* is "nonmutual offensive issue preclusion," which is "unavailable against the United States.'" *Alberto Rodriguez*, 2025 WL 3754411, at *10 (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 852 n.13 (2025), and *United States v. Mendoza*, 464 U.S. 154, 162 (1984)). For this further reason, Bernabe Bernabe's claim for relief based on the decisions in *Maldonado Baustista*, like Alberto Rodriguez's comparable claim, is denied.

For the reasons set out in more detail in the Court's decisions in *Alberto Rodriguez*, 2025 WL 3754411, at *11–14, and *Meraz v. Bondi*, No. 8:26CV27, 2026 WL 472822, at *9–15 (D. Neb. Feb. 19, 2026), the Court denies Bernabe Bernabe's claim that he is detained without bond under the wrong statute, 8 U.S.C. § 1225(b)(2), instead of 8 U.S.C. § 1226, as set out in the Second Cause of Action in his Petition. As the Court explained in *Alberto Rodriguez* and *Meraz*, the Court concludes that § 1225(b)(2) and § 1226(a) overlap: "'[A]lien[s] present in the United States who ha[ve] not been admitted' defined in § 1225(a)(1), to whom § 1225(b)(2) applies, include—as a matter of plain language—the same group of aliens to whom the Supreme Court stated § 1226(a) applies, that is 'aliens already present in the United States.'" *Alberto Rodriguez*, 2025 WL 3754411, at *12 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018)); *Meraz*, 2026 WL 472822, at *9. Like Alberto Rodriguez and Meraz, Bernabe Bernabe is properly detained under § 1225(b)(2) even if he is also subject to § 1226(a):

> Alberto Rodriguez is an "applicant for admission" as defined by § 1225(a) in that he is "[a]n alien present in the United States who has not been admitted." 8 U.S.C. § 1225(a) (defining "applicant for admission"). He is also an "applicant for admission" consistent with the conclusion of the BIA in *Hurtado* and the Supreme Court in *Jennings*. Just because Alberto Rodriguez illegally remained in this country for years does not mean that he is suddenly not an "applicant for admission" under § 1225(b)(2).

*Alberto Rodriguez*, 2025 WL 3754411, at *12; *see also Meraz*, 2026 WL 472822, at *11–15. The same is true of Bernabe Bernabe. The Supreme Court has explained that "neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. Moreover, the Fifth Circuit Court of Appeals embraced an essentially similar analysis of the issue in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). As Judge Jones explained in *Buenrostro-Mendez*, "It is true that § 1226 applies to aliens in the United States. That it does so, however, does not preclude § 1225 from also applying to such aliens. As the government

4

acknowledges, the two provisions overlap." *Buenrostro-Mendez*, 2026 WL 323330, at \*7. Thus, Bernabe Bernabe is not entitled to relief on his claim that he is held under the wrong statute, and he is not entitled to a bond hearing.

Accordingly,

IT IS ORDERED that Petitioner Bernabe Bernabe's Petition for Writ of Habeas Corpus, Filing 1, is denied.

Dated this 17th day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge